## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

### UNITED STATES OF AMERICA

**PLAINTIFF**

v.                                    **Case No. 5:09-CR-50084**

### ROLANDO FLORES

**DEFENDANT**

### OPINION AND ORDER

Currently before the Court are Defendant Rolando Flores' Motion for the Return of
Seized Property (Doc. 25) and the Government's Response (Doc. 26). For the reasons
stated herein, Defendant's Motion (Doc. 25) is **DENIED**.

### I. BACKGROUND

On August 13, 2009, Drug Enforcement Administration ("DEA") agents conducted
a search of Defendant's residence and seized methamphetamine, digital scales, cell
phones, currency, and miscellaneous documents. Defendant pleaded guilty to conspiracy
to distribute methamphetamine on January 20, 2010. (Doc. 17). Defendant was sentenced
on May 4, 2010 to 82 months imprisonment, five years supervised release, a $12,500.00
fine, a $100.00 special assessment, and the denial of federal benefits for a period of five
years. (Doc. 24.) On February 21, 2014, Defendant filed the Motion now before the Court,
alleging that the Government confiscated $10,000.00 in cash, five cell phones, two laptop
computers, one 30/30 caliber rifle, and other property belonging to Defendant.

Defendant seeks the return of these items, asserting that the DEA does not have
any lawful right or interest in the property, as Defendant's case has been closed for five
years and this property is no longer needed as evidence. The Government asserts that

-1-

the property requested by Defendant has been either administratively forfeited—as contemplated in the Plea Agreement—returned to its proper owner, or is no longer in the possession of federal authorities. In an affidavit submitted in support of the Government's response to Defendant's Motion, DEA Agent Thomas Flowers states that the $10,000.00 was administratively forfeited; the cell phones were returned to Defendant's stepfather, Dave Meadows on June 1, 2011; the firearm was transferred to the Benton County Sheriff's office on August 13, 2009; the Government did not seize the two laptops in question; and any miscellaneous paperwork formerly in the DEA's possession was destroyed. (Doc. 26-4).

## II. DISCUSSION

The Controlled Substances Act authorizes forfeiture to the Government of certain property seized from drug offenders, including "moneys . . . or other things of value furnished . . . in exchange for a controlled substance" or representing "proceeds traceable to such an exchange." 21 U.S.C. § 881(a)(6). Property having a value of under $500,000.00 can be administratively forfeited, and the declaration of forfeiture has the same force and effect as an order of forfeiture entered by a court. 19 U.S.C. §§ 1607, 1609. Written notice of the seizure must be sent to each party who appears to have an interest in the seized property within 60 days of the date of seizure. 19 U.S.C. § 1607(a); 18 U.S.C. § 983(a)(1)(A)(iii)(I).

"A Rule 41(g) motion 'is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'" *Jackson v. United States*, 526

F.3d 394, 397 (8th Cir.2008) (quoting *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002).

Beginning with Defendant's claim to the $10,000.00 cash seized by the DEA, he is not entitled to its return because he agreed to its administrative forfeiture in his Plea Agreement on January 20, 2010. Moreover, the Government provided notice to all known parties with a legal or possessory interest in the $10,000.00, and no claim was filed against the currency. (Doc. 26-1).

As to the remaining property that Defendant claims should be returned to his possession, the Court finds that the Government has properly disposed of it or has transferred it to its rightful owner. Defendant's stepfather, Dave Meadows, signed for the receipt of all cell phones on June 1, 2011. The 30/30 Rifle was transferred to the Benton County Sheriff's Office on August 13, 2009. As federal law prohibits possession of a firearm by any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year, *see* 18 U.S.C. § 922(g)(1), Defendant is not entitled to have the seized firearm returned to him. *United States v. Willson*, 8 F. App'x 593, 595 (8th Cir. 2001) (internal citation omitted). Lastly, the Government is not in possession of the laptop computers or any other property belonging to Defendant.

## III. CONCLUSION

Accordingly, Defendant has not met his burden of proving that he is entitled to a return of the $10,000.00 that was administratively forfeited, as he had adequate notice of the forfeiture proceedings. As to the remaining property that was seized, Defendant did not meet his burden of proving that he had a possessory interest in any of it.

-3-

**IT IS THEREFORE ORDERED** that Defendant Rolando Flores' Motion for Return

of Seized Property (Doc. 25) is **DENIED**.

**IT IS SO ORDERED** this ___ day of September, 2014.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

-4-